# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO ARRIAGA, an individual,<br><br>                    Plaintiff,<br>vs.<br><br>ORGIL INTERNATIONAL GREENHOUSES CORP., a California corporation; ORGIL GLOBAL TRADING CORP., a California corporation,<br><br>                    Defendants. | CASE NO. 07cv0217-LAB (NLS)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE**<br><br>[Dkt No. 9] |

      This diversity matter arising out of an alleged breach of contract is before the court on the Motion To Dismiss For Failure To State A Claim And Motion To Strike ("Motion") filed by Orgil International Greenhouses Corp. ("Orgil") and Orgil Global Trading Corp. (collectively "Defendants"). Plaintiff Guillermo Arriaga ("Arriaga") filed an Opposition, and Defendants filed a Reply. Pursuant to Civil Local Rule 7.1(d), the court finds the issues presented appropriate for decision on the papers and without oral argument. For the reasons discussed below, the Motion is **DENIED IN PART** and **GRANTED IN PART**, without prejudice and with leave to amend.

**I.    BACKGROUND**

    **A.    Facts And Contentions**

      Arriaga alleges Orgil International Greenhouses is a manufacturer, developer, and exporter of agricultural greenhouses. He and Orgil entered a written contract effective January 30, 2003 for his purchase of three of Defendants' greenhouses to be used in the cultivation of Persian cucumbers in the Valle de la Palmas, located in Tecate, Baja

California, Mexico. The Complaint alleges Defendants: failed to perform as promised; provided Arriaga with a product which does not conform to the representations they made to induce him to enter the contract for their goods and services; fraudulently concealed product defects; affirmatively misrepresented the product capabilities in material ways with the intent to deceive him; delayed or failed to ship key parts; failed to provide the construction expertise and technical supervision promised, resulting in faulty construction of the greenhouses; defectively designed the product; breached their express and implied warranty of merchantability obligations; and were negligent in the design of particular component parts of the greenhouses. He seeks general and consequential damages, attorneys' fees and costs, pre- and post-judgment interest, costs of suit, exemplary and punitive damages.

Defendants contend Orgil Global Trading is not a proper party to this action and should be dismissed with prejudice. They also seek dismissal of seven of Arriaga's eight causes of action, leaving unchallenged only his First Cause Of Action for Breach Of Contract. In addition, they move to strike from the Complaint: all references to their purported obligation or failure properly to build or install the greenhouses, as involving conduct outside the scope of their contractual obligations; any references to statements they allegedly made in the course of negotiations but which are purportedly not part of, or explicitly refuted by, the parties' written agreement; and the damages claims for attorneys' fees, prejudgment interest, and punitive/exemplary in the prayer for relief.

### B. The Contract And Evidentiary Objections

Defendants' Motion relies on their version of the parties' contract underlying the Complaint allegations but not attached as an exhibit to the Complaint. Defendants purported to lodge a definitive copy of the contract with a request for judicial notice. Dkt No. 10. The court may consider documents relied on in a Complaint when deciding a Rule 12(b)(6) motion even if the document is not attached to the Complaint.

> Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See* Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1141 n.5 (9th Cir.2003). A court may consider evidence on which the

> complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *See* Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by* Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir.2002); *see also* Warren, 328 F.3d at 1141 n. 5, Chambers v. Time Warner, Inc., 282 F.3d 147, 153 n. 3 (2d Cir.2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006).

Arriaga objects to Defendants' lodgment and request for judicial notice of Motion Exhibit 2, purporting to be the parties' January 31, 2003 Contract, on grounds it is incomplete on its face and subject to dispute. He contends it does not comprise the entirety of the parties' understandings and agreements, among other things for failure to include the exhibits recited in the contract. The document recites essential elements of the parties' agreement are contained in Exhibits A, B, and D, incorporated by express reference into the contract, but they are not attached.

Defendants sought to augment their initial version of the contract by producing one exhibit to the contract for the first time along with their Reply. The Supplemental Declaration of Yomilla Cruz represents the contract actually was not intended to have any exhibits other than an Exhibit A, provided as a three-page Spanish language exhibit to the Supplemental Declaration described as a detailed price quote. Arriaga argues that submission is untimely and contradicts Defendants' representations in their moving papers.

The court **SUSTAINS** Arriaga's objections to the court's consideration of Defendants' submission as the parties' entire, integrated contract for the purpose of deciding the Motion. Incomplete and contested documentary evidence is not competent when offered as proof of matters asserted. In the current posture of the case, all the terms of the parties actual contract defining their respective rights and obligations are not definitively before the court. The court accordingly rejects all Defendants' Motion arguments predicated on representations purportedly supported by their lodged version of the contract.

## II.     MOTION TO DISMISS

### A.     Legal Standards

Federal Rules of Civil Procedure, Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1964 (May 21, 2007). A motion to dismiss under Fed.R.Civ.P. ("Rule") 12(b)(6) for failure to state a claim tests the sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. Robertson v. Dean Witter Reynolds, Inc.,749 F.2d 530, 534 (9th Cir. 1984); see Neitzke v. Williams, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534; see Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988).

In reviewing Rule 12(b)(6) motions, the court must assume the truth of all material factual allegations and must construe them in the light most favorable to the nonmoving party, including all reasonable inferences to be drawn from those facts. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996); Cedars-Sinai Medical Center v. National League of Postmasters, __ F.3d ___, 2007 WL 2284349, slip op. at *2 (9th Cir. Aug. 10, 2007) (citation omitted). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987); Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Moreover, the court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted).

Dismissal for failure to state a claim upon which relief may be granted does not require appearance, beyond a doubt, that plaintiff can prove no set of facts in support of a

/ / /

1 claim that would entitle the plaintiff to relief.[1]  See Bell Atlantic, 127 S.Ct. at 1966 (citation
2 omitted), *abrogating the fomulation in* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Rather,
3 "when the allegations in a complaint, however true, could not raise a claim of entitlement to
4 relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of
5 time and money by the parties and the court.'"  Id. (citations omitted).  Nevertheless, when
6 a Rule 12(b)(6) motion is granted, leave to amend is ordinarily denied only when it is clear
7 that the deficiencies of the complaint cannot be cured.  DeSoto v. Yellow Freight Sys., Inc.,
8 957 F.2d 655, 658 (9th Cir. 1992).

### B.  Motion To Dismiss Merits

#### 1.  Proper Defendants

Defendants contend Orgil Global Trading, one of the two named defendants, had no involvement in the events giving rise to this litigation and therefore is not a proper party. Defendants seek dismissal of that party as "a stranger to the contract, transaction, and events at issue." Mot. 5:2-3.  In opposition, Arriaga represents he is informed and believes Orgil Global Trading is a "parent, partner and/or joint venturer of Orgil International Greenhouses." Opp. 18:7-9. He concedes the Complaint lacks factual allegations regarding "the connection between the two Defendants and Orgil Global's liability." Opp. 18:8-9. He seeks leave to amend his party allegations.  The Motion is **GRANTED** with respect to the party pleading, without prejudice and with leave to amend.

#### 2.  Construction And Design Defects (Second Claim)

Defendants rely on an incomplete contract document to challenge Arriaga's claim for construction defects:  "The Contract at issue provides only that Orgil International Greenhouses was to sell certain goods, as provided in a quote to Plaintiff. . . ." Mot. 5:11-12. "[T]hey did no[t] build the greenhouses." Mot. 5:20.  They contend the Complaint "only

---

[1] Conley's "no set of facts" language "has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard:  once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic, 127 S.Ct. at 1969. "It is not . . . proper to assume that [the plaintiff] can prove facts that it has not alleged or that the defendants have violated the [laws] in ways that have not been alleged." Id. at 1969 n.8 (citation omitted).

1 alleges that Defendants were obligated to *supervise Plaintiff's construction* of the
2 greenhouses." Mot. 5:15-16.  They acknowledge Arriaga alleges Defendants did not
3 properly supervise the construction, but assert "he cannot maintain a claim for construction
4 defect, which is premised upon a construction error by Defendants" on that basis.  Mot. 5:17-
5 20.  Their argument ignores entirely the design defect component of the claim in urging its
6 dismissal with prejudice.[2]  Neither side offers any authority or articulates the elements
7 required to state a claim for construction or design defects.  The court accordingly restricts
8 its review to Defendants' Motion contentions the Complaint allegations fail to show they
9 participated in the construction of the greenhouses.

10       The Complaint alleges Defendants contracted to provide both goods and services,
11 including training, technical support, and supervision for assembly of three greenhouses in
12 Mexico.  As the contract is not before the court in its entirety in a manner permitting a
13 comparison of the alleged conduct with the totality of the parties' contractual obligations, the
14 court assumes the truth of all material factual allegations and construes them in the light
15 most favorable to Arriaga, including all reasonable inferences to be drawn from those facts.
16 Cahill, 80 F.3d at 337-38; Cedars-Sinai Medical Center, 2007 WL 2284349 at *2.  The
17 Complaint identifies conduct that may reasonably be construed as Defendants' participation
18 in construction for purposes of deciding whether the Complaint states a claim.  Among the
19 particular defects enumerated in the Complaint, the "front sections of the greenhouses are
20 deformed due to faulty construction" because a "key piece of cable [is] missing (that was
21 never delivered to Plaintiff) that would have reduced the load of the front sections."  Compl.
22 ¶ 24(b).  "This defective structure **was constructed in the first two greenhouses by the**

---

[2] Specific allegations of design defects include:  defective doors which "do not create a proper seal and are made of inferior material that is far too weak for wind and moderate use" (Compl. ¶ 24(c)); the "system that secures the polyethylene to the frame was defective, in that the polyethylene sheeting was attached directly against the metal framework or concrete footings," leading to the deterioration of the plastic and causing it to fall off  (Compl. ¶ 24(c));  "[t]he greenhouses are not capable of remaining cool during the summer months with the ventilation system recommended by Defendants" (Compl. ¶ 24(g)); the rails to open curtains to the outside "are too weak to support the daily opening and closing of these curtains"  (Compl. ¶ 24(i)); and the "exterior plastic sheeting and mesh screen tears due to the direct contact with metal" (Compl. ¶ 24(j)).  Arriaga also alleges as design defects installation of an inadequate heating system and draining system.  Compl. ¶ 71.

**initial technician sent by Defendants**." Compl. ¶ 24(b) (emphasis added). "Steel components of the frame **were welded together by Defendants**" in a manner that "has deteriorated the galvanized metal, exposed the metal to rust and corrosion which has impacted the useful life of the greenhouses," and "the welded areas do not have any protective cover." Compl. ¶ 24(e).

"On two occasions, Defendants sent technicians to the site to repair damage to the greenhouses," but their "attempts at repair were inadequate and, in several instances, actually caused more damage." Compl. ¶ 25. "In one instance, **Defendants' technician applied a red 'builder glue'** directly on top of the polyethylene rather than repair the problem with the polyethylene directly contacting the metal frame," causing "further deterioration and tearing because Polyethylene should never be glued in that manner to prevent curing and tearing." Compl. ¶ 26 (emphasis added). **"Defendants installed new mesh material**, however, they bolted it directly to the metal frame, which caused numerous rips and tears at every penetration where the bolts went through the material or where the material is in direct contact with the metal framework." Compl. ¶ 26 (emphasis added).

The court finds the Complaint alleges actual participation by Defendants' agents in some portions of the greenhouse construction process. He alleges the greenhouses were promised to him as requiring only a "turnkey" assembly process Defendants contracted to supervise for proper technical guidance through completion. In addition, a fair reading of the Complaint supports the inference Arriaga is also alleging defective construction of certain component parts of the greenhouses. Moreover, as Arriaga asserts, his own participation in the construction process may give rise to a comparative fault defense, but does not necessarily preclude Defendants' liability under this theory. Opp. 13:27-14:1. Accordingly, Defendants' Motion To Dismiss the Second Claim is **DENIED**.

      **3.**    **Intentional Misrepresentation (Third Claim) And Fraudulent Concealment (Fourth Claim)**

Defendants argue the fraud allegations are inconsistent with the terms of the parties' contract version they provide in support of their Motion. As discussed above, that version of document appears on its face to be incomplete, and Arriaga disputes it embodies the

parties' entire agreement. In these circumstance, the court may not rely on that document as a definitive iteration of the parties' complete agreement for purposes of deciding the Motion. The court accordingly rejects Defendants' premise Arriaga's fraud allegations are inconsistent with the terms of the parties' contract as lacking foundation.

Defendants also argue Arriaga's Complaint does not satisfy the pleading requirements of Rule 9(b). "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity," although "intent, knowledge, and other conditions of mind of a person may be averred generally." Allegations of fraud in federal court need only be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud . . . so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985); *see* Moore v. Kayport Package Express, Inc., 885 F.2d 531, 540 (9th Cir. 1989) (the particularity requirement is satisfied if the pleading "identifies the circumstances constituting the fraud so that the defendant can prepare an adequate answer from the allegations").

> In diversity cases where the cause of action is fraud, the substantive elements of fraud are determined by state law. *See* Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996). These elements, however, must be pleaded in accordance with FED. R. CIV. P. 9(b). . . . [¶] Under California law, a cause of action for fraud requires the plaintiff to establish: (1) a knowingly false representation by the defendant; (2) made with intent to deceive or induce reliance by the plaintiff; (3) justifiable reliance by the plaintiff; (4) resulting damages. [Citation omitted.]

Smith v. Allstate Ins. Co., 160 F. Supp.2d 1150, 1152 (S.D. Cal. 2001).

Although a plaintiff can state a cause of action in tort when a defendant fraudulently induces him to enter into a contract, a failure to perform under a contract is insufficient evidence of an intent not to honor promises at the time those promises were made.

> Although failure to perform a contract does not constitute fraud, a promise made without intention to perform can be actionable fraud. *See* Locke v. Warner Bros., Inc., 57 Cal.App.4th 354, 367 (1997). This fraudulent intent cannot be proven, however, by simply pointing to the defendant's subsequent failure to perform as promised. *See* Tenzer v. Superscope, Inc., 39 Cal.3d 18, 30-31 (1985).

Smith, 160 F. Supp.2d at 1152.

Defendants contend Arriaga does not adequately plead the date, time, place, and nature of the allegedly fraudulent statements and omissions and why they were false. From the face of the Complaint, however, the court finds those factual allegations are pled with sufficient particularity to withstand the date/time/place/nature challenge. Arriaga alleges the negotiation period occurred in January 2003, culminating in the parties' written contract executed January 31, 2003. Compl. ¶¶ 9, 16-17. He enumerates eight discrete statements he alleges were made by a particular Orgil Vice President, Amos Tichauer, describing, for example, the particular product model's capabilities to perform in the particular extreme weather and terrain conditions of Valle de Las Palmas, the adequacy of the heating system to maintain requisite minimum temperatures during the winter growing season there and adequacy of the ventilation system to reduce temperatures during the summer growing season, and Defendants' commitment to provide, in connection with execution of any contract for the purchase and delivery of the greenhouses, "all necessary technical supervision and guidance for construction," the "turnkey structure" of the products and ease of assembly for use by the October 2003 date Arriaga targeted, and the like. Compl. ¶ 9. "Tichauer personally chose the ADI model greenhouses as the most suitable for Arriaga, stating that it was the proper choice for the climate in the area." Compl. ¶ 10.

Arriaga alleges those and other specific representations were made to induce him to purchase from Defendants a combination of goods and services and turned out to be false. Compl. ¶ 16. He alleges, in paragraph 43 of the statement of his Third Cause of Action for Intentional Misrepresentation, nine such discrete material representations about the greenhouses. He alleges the greenhouses turned out not to be the "turnkey" structures Defendants' product was represented to be, but rather required significant construction and complicated installation effort for assembly of the component parts. He alleges in paragraph 49 of the statement of his Fourth Cause of Action for Fraudulent Concealment, discrete defects in the greenhouses or their component parts purportedly known to Defendants but not disclosed to him which materially affected their suitability to perform as promised. *See*

*also* Opp. pp. 2-3. The Complaint alleges the misstatements or omissions occurred during contract negotiations through the auspices of Tichauer and appear on websites and in company brochures.[3] The Complaint identifies Arriaga as the person to whom all the alleged misrepresentations were made during the month of January 2003, and alleges he relied on those representations in deciding to enter the contract for particular greenhouses.

Construing the Complaint in the light most favorable to plaintiff, the court finds the Complaint pleads sufficient detail regarding time, place, actors, and nature of the allegedly fraudulent misstatements or material omissions to satisfy Rule 9(b) requirements and to survive a 12(b)(6) motion challenging the fraud claims for lack of the requisite particularity.

However, Defendants are on firmer ground when they allude to a second aspect of Rule 9(b) pleading requirements they contend is not satisfied by the Complaint's statement of Arriaga's Third and Fourth claims, even though they barely develop that ground for dismissal. Plaintiffs must plead facts explaining why the allegedly fraudulent statements were false at the time made. That requirement can be satisfied in a number of ways: "by pointing to inconsistent contemporaneous statements or information which was made by or available to the defendant. . .; later statements made 'by the defendant along the lines of "I knew it all along."'" Smith, 160 F. Supp.2d at 1152-53, *quoting* In re GlenFed Inc., Sec. Lit., 42 F.3d 1541, 1547-48 (9th Cir. 1994) (requiring under Rule 9(b) averment of the circumstances *constituting* the alleged fraud, that is, an indication of the contemporaneous falseness and the *manner* in which the challenged representations were false and misleading). Whereas the court finds the "time, place and content" of the alleged misrepresentations are adequately pled to survive dismissal on lack of particularity grounds, it need not accept the Complaint's legal conclusion Defendants knowingly concealed or affirmatively misrepresented the capabilities of the product or their intention to perform agreed services in order to induce Arriaga to enter the contract. The current state of the

---

[3] The Complaint quotes from those materials in paragraph 10: "The ADI Greenhouse is designed to address ventilation problems caused by very hot climates and is especially suited for desert conditions [using special design features described in the publication] . . . [with a] quick and easily assembled structure. . . ."

pleading does not provide a sufficient factual basis for the court to infer the alleged misrepresentations were knowingly false when made. Accordingly, the Motion is **GRANTED** with respect to that pleading particularity, but without prejudice and with leave to amend.

### 4. Breach Of Express And Implied Warranties (Fifth And Sixth Claims)

Without expressing any opinion on the merits or extent of any warranties, for Rule 12(b)(6) purposes the court finds the Complaint adequately alleges Defendants warranted the merchantability and fitness of the subject greenhouses for the particular purpose to cultivate Persian cucumbers, Arriaga relied on those warranties, and those warranties were "breached when Defendants supplied Plaintiff with greenhouses that were defective, improperly designed, improperly installed and failed to work as promised." Compl. ¶¶ 60-62, 65-67. The Motion to dismiss those causes of action for failure to state a claim is **DENIED**.

### 5. Negligence (Seventh Claim)

The court rejects Defendants' narrow reading of the Negligence cause of action as relating only to "installation of the greenhouses." Mot. 7:26-27. Even if that reading were accurate, until Defendants' "installation" obligations, if any, are established or eliminated based on the terms of the parties' actual contract, any articulation of their duty in that regard is precluded, and any attempted demonstration of breach is necessarily premature. Moreover, the pleading establishes Arriaga contends, among other things, *component parts* of the greenhouses were negligently designed, built, and supplied, and Defendants provided negligent technical support for proper construction.

Contrary to Defendants' interpretation, the allegation that "any reasonable greenhouse designer/builder would have installed a heating system that would adequately heat the greenhouses" (Mot. 8:1-3, *quoting* Compl. ¶ 71) not only permits the *inference* the heating system was delivered with a "design" defect, but the phrase just before the portion Defendants quote expressly states: "**Defendant's design** of the defective greenhouses was negligent" in that regard. Compl. ¶ 71 (emphasis added). The Complaint continues with a series of defect allegations expressly alleged to arise from negligence predicated on "Defendants' **design**," for example, failure to furnish: plastics of a quality adequate to

withstand the winds in the geographical area where they would be built; plastics proper for the particular purpose Arriaga alleges he contracted to purchase the greenhouses; operating doors that would withstand the elements; and curtain mechanisms permitting movement as needed. Compl. ¶ 71 (emphasis added). Arriaga insists his cause of action as pled encompasses negligent construction of the component parts of the greenhouse, rendering them faulty no matter who installed or assembled the units. Opp. 13:5-9.

Defendants also contend the negligence claim should be dismissed because the Complaint does not alleged "Orgil's supervision of construction as negligent." Reply 5:10-12. The court disagrees. The Complaint describes one of the two technicians Defendants sent to supervise the greenhouses' construction as allegedly spending most of his time locked in his car intoxicated. *See* Compl ¶ 19.

The Motion is **DENIED** with respect to all Defendants arguments for dismissal of the negligence cause of action. The court finds the Complaint adequately states a claim for negligent design, construction, and installation, including Defendants' performance of actual labor to effectuate allegedly unsatisfactory repairs. "While Plaintiff's participation in the construction of the greenhouses may be grounds for a comparative negligence defense, it does not wholly prevent Plaintiff from alleging Defendants were negligent in their design, construction and installation of the greenhouses." Opp. 13:16-19.

### 6. Strict Liability (Eighth Claim)

Defendants move to dismiss the strict liability cause of action on grounds it is a standard of liability, not a cognizable claim for relief. Mot. 8:11-13. However, strict products liability is a cause of action recognized in California upon a showing: (1) the product is placed in the market; (2) there is knowledge that it will be used without inspection for defect; (3) the product proves to be defective; and (4) the defect causes injury. Nelson v. Superior Court, 144 Cal.App.4th 689 (2006). Without expressing any opinion on the merits of the claim, it survives Rule 12(b)(6) scrutiny, despite Defendants' Reply argument the claim should be dismissed is "superfluous" and as "nothing more than a repeat of Plaintiffs second cause of action for construction and design defects." The differences in quantum of proof

1 and other distinctions between a construction or design defect claim and a strict liability claim
2 disposes of Defendants' argument. The Motion with respect to this claim is **DENIED**.

3 ### III.  MOTION TO STRIKE

4 "The court may order stricken from any pleading any insufficient defense or any
5 redundant, immaterial, impertinent, or scandalous matter." Rule 12(f). A motion to strike
6 provides for an early challenge to the legal sufficiency of a defense and is the primary
7 method to attack defects that cannot be addressed by a motion to dismiss. *See* California
8 v. United States, 512 F.Supp. 36, 38 (N.D. Cal. 1981). A motion to strike "may be used to
9 strike any part of the prayer for relief when the damages sought are not recoverable as a
10 matter of law." Bureerong v. Uvawas, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996).

11 Motions to strike "should be denied unless the allegations have no possible relation
12 to the controversy and may cause prejudice to one of the parties." Von Grabe v. Sprint PCS,
13 312 F. Supp.2d 1285, 1294 (S.D.Cal. 2003) (citation omitted); *see* LeDuc v. Kentucky Cent.
14 Life Ins. Co., 814 F.Supp. 820, 830 (N.D.Cal. 1992) ("Evidentiary allegations are not usually
15 proper pleading, but allegations supplying background or historical material or other matter
16 of an evidentiary nature will not be stricken unless unduly prejudicial to defendant"). "Where
17 allegations, when read with the complaint as a whole, give a full understanding thereof, they
18 need not be stricken." LeDuc, 814 F.Supp. at 830.

19 Defendants ask the court to strike all references in the Complaint to greenhouse
20 construction or installation defects alleged as a basis for their liability. They contend Arriaga
21 was responsible for building his greenhouses from materials they contracted to provide, so
22 any faulty installation cannot be attributed to them.[4] They move to strike all such references,
23 whether asserted as faults in support of Arriaga's breach of contract claim or in support of
24 his claims for fraud or negligence. They argue he cannot predicate a breach of contract
25 claim or liability on any other theory on alleged failures in the course of conduct or non-
26 performance of duties Defendants were purportedly neither contractually obligated to

---

28 [4] In their Notice of Motion, Defendants identify in this regard: Complaint paragraphs 9, 10, 12-15, 43-48, 59-62, 64-67, and 71 in their entireties; and specific portions of Complaint paragraphs 17, 30, 32-33, 35, and 37-40.

perform nor did perform. They rely on the disputed version of the parties' contract provided in support of their Motion as purportedly "definitively" showing "Defendants did not build the greenhouses in question, nor were they obligated to build the greenhouses," so the court should on that basis strike all associated liability allegations as "irrelevant, immaterial, and impertinent." Mot. 8:17-25.

As discussed above, the court declines to rely on Defendants' version of the parties' contract. The court will strike matters from a Complaint only when "it is clear [they] have no possible bearing on the subject matter of the litigation."  LeDuc, 814 F.Supp. at 830. Defendants make no such showing here. Accordingly, the Motion To Strike references to liability for construction or installation defects is **DENIED**.

Defendants also move to strike Arriaga's references to any of Defendants' pre-contract representations that either contradict the written instrument or are subsumed by the executed contract. Again, Defendants' reliance on their version of the parties' written contract, which may or may not prove to encompass the entirety of the parties' agreement, as proof any such alleged representations "are expressly contrary to the written instrument or . . . are absent from the written contract," cannot at this time support their contention those references are "irrelevant and impertinent." Mot. 10:1. Resolution of this litigation will depend in material part upon a determination of the disputed scope of Defendants' obligations in connection with the sale and installation of the greenhouses. Until that determination is made, the court cannot in any principled way apply Rule 12(f) standards to the challenged allegations and find they "are extraneous and improper".

Finally, Defendants move to strike Arriaga's prayer for attorneys' fees, for pre-judgment interest, and for punitive and exemplary damages. They contend: he has not alleged in the Complaint a statute or agreement supporting the attorneys' fees request, as is required under CAL. CIV. CODE § 1717 and CAL. CODE CIV. PROC. § 1021; his allegations themselves show he has no basis for an award of pre-judgment interest because he expressly contends his damages have not been fully ascertained but rather must be proven at the time of trial and thus lack a sum certain due on a specific date, precluding an award

of pre-judgment interest; and assuming the court grants Defendants' Rule 12(b)(6) Motion with respect to Arriaga's fraud claims, he cannot recover punitive damages.  No finding has been made in favor of Defendants on any substantive issue, and the court has granted leave to amend Arriaga's statement of the fraud claim, among other things.   His eligibility or entitlement to recover the types of challenged damages sought in the Complaint will depend upon later developments in the case, including the evidentiary record.  The court finds any ruling on the issue of available damages is premature at this time, and on that basis **DENIES** the motion to strike those components of Arriaga's prayer for relief.

## IV.     CONCLUSION AND ORDER

For all the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Arriaga's evidentiary objections to the version of the parties' contract proffered by Defendants for purposes of deciding the Motion are **SUSTAINED**.

2. Defendants' Motion To Dismiss the Second, Fifth, Sixth, Seventh, and Eighth Causes of Action is **DENIED**.

3. Defendants' Motion To Dismiss the Third and Fourth Causes of Action is **GRANTED**, without prejudice and with leave to amend.

3. Defendants' Motion To Strike is **DENIED** in its entirety.

4. Within twenty (20) days of the date this Order is entered, Arriaga may file a First Amended Complaint to address the deficiencies identified herein.

**IT IS SO ORDERED**.

DATED: September 28, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge